UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:21CR0648 MTS |
| | ) | |
| JAMES BEIGHLIE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said District, and files its sentencing memorandum:

On October 12, 2022, the Defendant pled guilty to two counts of Possession of Child Pornography. The parties do not have an agreed upon sentencing recommendation. The government believes the defendant's Total Offense Level is twenty-eight, which is a guideline sentence of 78-97 months imprisonment. After weighing the circumstances of this case, along with other similarly situated defendants in the past, the government is asking for a guideline sentence within the Total Offense Level of twenty-eight. The Government respectfully requests that the Court sentence the defendant to a sentence to 84 months in prison.

A. **Facts of the Case/ The Nature and Circumstances of the Offense**

The defendant is a Catholic priest who was assigned to a local parish. In May of 2021,

1

the FBI began to investigate the defendant and discovered that he had been downloading child pornography videos and images onto his computer devices for years. Some of the images of child pornography were dated as far back as 2008.  In total the defendant possessed thousands of images of child pornography and over forty of videos of child pornography. The defendant also created power point presentations of the child pornography with graphic titles before the slides.  Some of the titles that the defendant created on the power point were: "Enter the world of. . . Tiny Titillating Taut TWATS, " and "Enter the World of  . . . Supple, Well Rounded, Young Asses." According to information saved within the power point software, the defendant often visited and edited these power point child pornography presentations over the course of years. The defendant saved the images of child pornography on multiple computers and thumb drives. The images of child pornography possessed by the defendant depicted both minor, often prepubescent, male and female children in sex acts or in lascivious displays of their genitals. The defendant located the images on the internet.

**B.**     **History and Characteristics of the Defendant**

According to the Pre-Sentence Investigation report the defendant has been a priest since approximately 1968.  The defendant has earned many bachelor and master's degrees in the field of religious studies over the course of his life. The defendant has been assigned to different parishes over the years. From 2009 until 2019 he was assigned to Our Lady Queen of Peace in House Springs, Missouri. That parish did a have school at the time Father Beighlie was there. After that he was assigned to a parish in St. Louis City that does not have an adjoining school. The defendant does have past substance abuse issues.

As the case is currently charged, the defendant's Total Offense Level for these crimes is

twenty-eight (28).  The government believes that a sentence of 84 months in prison adequately reflects the seriousness of the offense and provides just punishment for the offense.  In making a fair recommendation to the Court, the government has considered the defendant's age, all of the material presented by defense counsel, and has reviewed the evidence in this case.

C.      **Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

Possessing images of the sexual abuse of children is a serious offense and the guidelines reflect the seriousness of the crime.  Too often child pornography is considered to be "just pictures" without the recognition that they are images of children being sexually abused and those images are then trafficked around the world on the internet.  Even when the perpetrator of the original abuse is imprisoned, the images of the child's sexual abuse continue to be traded.  The child's abuse never ends because the images of the abuse are present in hundreds of locations.  *See United States v. Miller*, 665 F.3d 114, 123 (5th Cir. 2011).  The Court in *Miller* wrote:

> "The district court in this case was cognizant of the undeniable fact that real children are actually being abused and violated when pornographic images are made. Without a market for such images, and without a strong appetite for more and more images exhibited by Miller and similarly situated defendants, there would be far fewer children who are injured and criminally assaulted in this way. If a handful of pornographic images taken twenty years ago were sufficient to satisfy the perverse desires of those who possess and traffic in child pornography, we would not have the huge industry that exists internationally today. No other child would be raped or sodomized or otherwise violated to produce pornographic images. Tragically, the reality is that there is a huge demand for "fresh" faces and images."

In *United States v. Paroline*, 134 S. Ct. 1710 (2014), the Supreme Court explained:

"The demand for child pornography harms children in part because it drives production, which involves child abuse.  The harms caused by child pornography, however, are still more extensive because child pornography is 'a permanent record' of the depicted child's

3

abuse, and 'the harm to the child is exacerbated by [its] circulation." *Id*. at 1716-17.

As this Court is aware, child pornography depicts real children being abused.  One need only to read the victim impact statement that was filed in this case to understand the horror of past abuse and the continuation of abuse by individuals trafficking and possessing child pornography.  Out of the many images and videos defendant possessed, one victim, "Cara," submitted a restitution request with a victim impact statement. "Cara" writes in her victim impact statement, "It's depressing and sickening to know that people were looking at images and videos of my online sexual abuse when I was a little girl and that they were getting pleasure from it – my abuse." Doc. #41.

The defendant's collection of child pornography contained numerous images of children being sexually abused. Based on the dates associated with the images (beginning in  2008) the defendant had been looking at child pornography for over ten years before he was caught.  He engaged in this illegal conduct while he was in a position of trust and overseeing an elementary school. While there have been no accusations of any "hand's on" offenses, the crimes committed by the defendant are very serious, especially in light of his education, age, and position. The government believes imprisonment 84 months is appropriate in this case.

D.   **To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant**

Reasonable yet firm sentences are necessary in these cases to reduce or eliminate the market for child pornography and to protect children from becoming victims to feed that market. As this Court is aware, and as is reflected in the number of cases occurring in this District alone, the number of child pornography cases are significant.  Firm prison sentences are necessary to deter the downloading, viewing, possessing, collecting, and trading of child pornography.

A sentence of 84 months imprisonment followed by a term of life on supervised release serves as a just deterrent for criminal conduct for this particular defendant.  It also reasonably assures to protect the public from any further crimes. Further, the defendant should be ordered to pay reasonable and adequate, not nominal, amount of restitution to the victim that requested restitution.

## Conclusion

The Government is requesting that the Court sentence the defendant to 84 months in prison.

Respectfully submitted,

SAYLR FLEMING
United States Attorney

  *s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

J. Martin Hadican
Attorney for the Defendant

                                        *s/ Colleen C. Lang*
                                        COLLEEN C. LANG, #56872MO
                                        Assistant United States Attorney