**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cr-00648-MTS |
| | ) |
| JAMES BEIGHLIE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant James Beighlie ("Defendant") has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [67]. Because Defendant has failed to demonstrate that he is entitled to compassionate release the motion will be denied.

## I.    BACKGROUND

On October 12, 2022, Defendant pleaded guilty to two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On January 10, 2023, the Court sentenced Defendant to 60 months of imprisonment.[1] In July of 2025, Defendant filed the Motion before the Court. The Government filed a Response and Defendant filed a Reply. Docs. [68], [69]. The matter is now ripe for ruling.

## II.    LEGAL STANDARD AND DISCUSSION

### a.   Exhaustion of Administrative Remedies

First, the Court must determine if Defendant exhausted his administrative remedies. Under § 3582(c)(1)(A), exhaustion occurs at the earlier of: 1) after the defendant has fully exhausted all

---

[1] Defendant is now serving his sentence at Springfield MCFP and has a projected release date of May 26, 2027. https://www.bop.gov/inmateloc/ (last visited March 16, 2026).

administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or 2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. "According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted administrative remedies." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). "This requirement is a mandatory claim-processing rule. *Id*. But "[u]nlike jurisdictional rules, mandatory claim-processing rules may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). As such, courts enforce the rule when the opposing party properly raises failure to exhaust as a defense. *Houck*, 2 F.4th at 1084; *Manrique*, 581 U.S. at 121.

Here, Defendant received a letter from the warden in March of 2025 denying his request for a reduction in sentence. Doc. [67-6]. Defendant subsequently filed the Motion at hand in July of 2025. Therefore, the Court will proceed on the merits.

### b. Extraordinary and Compelling Circumstances

Under § 3582(c)(1)(A), compassionate relief may be granted if the court finds, after considering the applicable factors in 18 U.S.C. § 3553(a),[2] an extraordinary and compelling reason warranting such a reduction. U.S.S.G. § 1B1.13(a)(1)(A). Additionally, a defendant must demonstrate that he is no longer a danger to the safety of any other person or to the community.

---

[2] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

U.S.S.G. § 1B1.13(a)(2).[3]   The defendant bears the burden to establish that compassionate relief is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Here, Defendant seeks compassionate release claiming he has extraordinary and compelling medical issues. First, Defendant claims he is suffering from chronic medical conditions that require long-term or specialized care that is not being provided and without which he is at serious risk of deterioration in his health. *See* U.S.S.G. § 1B1.13(b)(1)(C). Defendant does not offer anything other than this conclusory statement and therefore fails to elaborate how he is not being provided with the medical care he needs for his chronic medical conditions. Second, Defendant claims his chronic medical conditions are debilitating and leave him capable of only limited self-care. *See* § 1B1.13(b)(1)(B)(i). Again, Defendant only provided this conclusory statement and did not explain how his medical conditions have substantially diminished his ability to provide self-care, other than stating he must use a walker. Further, Defendant only provided the Court with letters written in 2022 and 2023 from Dr. Massey, as well as old medical treatment records, to substantiate his claims.

The Government counters that Defendant's medical conditions were listed in the presentence investigation report and known at the time of sentencing.[4] *See* Docs. [51] at 10 and [67] at 2. The Government also notes Defendant is housed at a secure federal medical center and is being treated regularly for his myriad medical conditions. Medical records from 2024 and 2025

---

[3] Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating 18 U.S.C. § 3142(g)).

[4] Defendant lists: Chronic Obstructive Pulmonary Disease ("COPD"), stage three kidney disease, peripheral vascular disease, atrial fibrillation, ablation of atrial fibrillation, cardiac pacemaker, hypercholesteremia, gastroesophageal reflux disease, chronic cervical spine arthritis, arteriovenous malformation, benign non-nodular prostatic hyperplasia, coronary artery disease.

provided by the Government detail how Defendant's medical conditions are being evaluated, treated, and managed. *See* Docs. [68-1], [68-2].

Defendant has failed to show any extraordinary and compelling reason warranting compassionate release. He has only provided the Court with conclusory claims and has failed to show how his medical conditions have diminished his ability to provide self-care or how he is not being provided proper care for his medical conditions.

### A.  18 U.S.C. § 3553(a) Factors & Danger to the Community

Even if Defendant had demonstrated "extraordinary and compelling" reasons warranting compassionate release the Court would still deny his Motion because the 18 U.S.C. § 3553(a) factors do not weigh in favor of reducing his sentence, and Defendant has failed to demonstrate that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

In fashioning Defendant's sentence, the Court weighed the § 3553(a) factors when it sentenced Defendant in 2023 to 60 months of imprisonment. Defendant was a seventy-two-year-old priest at the time of sentencing. His conviction was based on a search of his desktop computers, laptop, hard drives, and smartphone, wherein Defendant possessed "at least 600 images" of child pornography. *See* Doc. [35] at 10. The material included images of prepubescent minor children engaged in sexually explicit conduct, and some portrayed sadistic or masochistic conduct or other depictions of violence. He engaged in this criminal behavior for thirteen years, well over a decade. Defendant's sentence reflects the serious nature of the offense, and his early release would not be in the interest of the public. The § 3553(a) factors weigh against a sentence reduction and Defendant has failed to show he is no longer a danger to the community.

4

Accordingly,

## **CONCLUSION**

Defendant has failed to present any "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), the 18 U.S.C. § 3553(a) factors do not favor a reduction in Defendant's sentence, and he has failed to demonstrate that he is no longer a danger to the safety of any other person or to the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, Doc. [67], is **DENIED**.

Dated this 16th day of March, 2026

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

5